Matter of Xander B. (James B.--Madison P.) (2021 NY Slip Op 00949)





Matter of Xander B. (James B.--Madison P.)


2021 NY Slip Op 00949


Decided on February 11, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 11, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CARNI, NEMOYER, CURRAN, AND WINSLOW, JJ.


173 CAF 19-00561

[*1]IN THE MATTER OF XANDER B., EZZIE B., AND MILOH B. ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, PETITIONER-RESPONDENT; JAMES B. AND MADISON P., RESPONDENTS-APPELLANTS.






DAVID J. PAJAK, ALDEN, FOR RESPONDENT-APPELLANT JAMES B.
WILLIAM D. BRODERICK, JR., ELMA, FOR RESPONDENT-APPELLANT MADISON P.
JAMES E. HARMON, BUFFALO, FOR PETITIONER-RESPONDENT. 
DAVID C. SCHOPP, THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (JOHN J. MORRISSEY OF COUNSEL), ATTORNEY FOR THE CHILDREN. 


 Appeals from an order of the Family Court, Erie County (Margaret O. Szczur, J.), entered February 27, 2019 in a proceeding pursuant to Family Court Act article 10. The order determined that respondents had neglected the subject children. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this Family Court Act article 10 proceeding, respondents appeal from an order determining that they neglected the subject children. We affirm. Contrary to respondent Madison P.'s contention, Family Court properly determined that she "acted as 'the functional equivalent of a parent in a familial or household setting' for the children" and thus was a person legally responsible for their care (Matter of Heavenly A. [Michael P.], 173 AD3d 1621, 1623 [4th Dept 2019], quoting Matter of Yolanda D., 88 NY2d 790, 796 [1996]; see § 1012 [g]). Contrary to respondents' contentions, the court's determination that they neglected the subject children is supported by a preponderance of the evidence (see Matter of Amodea D. [Jason D.], 112 AD3d 1367, 1367-1368 [4th Dept 2013]; Matter of Brian A., 190 AD2d 530, 530 [1st Dept 1993], lv denied 81 NY2d 710 [1993]). Contrary to respondents' further contentions, the out-of-court statements of the two oldest children were sufficiently corroborated (see Matter of Rachel H., 60 AD3d 1060, 1061 [2d Dept 2009]).
Entered: February 11, 2021
Mark W. Bennett
Clerk of the Court